WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loretta Cheeks, | No. CV-12-01543-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| General Dynamics Corporation, General Dynamics C4 Systems, Inc., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Amend the Scheduling Order and File Amended Complaint (Doc. 44).  The Court now rules on the Motion.

**I.      BACKGROUND**

Plaintiff, pro se, filed a Complaint on July 17, 2012.  (Doc. 1).  Plaintiff filed an Amended Complaint on July 19, 2012 (Doc. 3).   After Defendants answered the Amended Complaint, the Court granted Plaintiff leave to file a "Third Amended Complaint," which she filed on September 28, 2012 (Doc. 28).

On September 24, 2012, the Court held a Rule 16 Scheduling Conference and entered a Rule 16 Scheduling Order.  The Scheduling Order set the deadline for motions to amend the complaint as November 12, 2012.  (Doc. 27 at 2).  On October 26, 2012, Defendants answered the "Third Amended Complaint" and filed a Counterclaim (Doc. 33).

On March 11, 2013, counsel appeared on behalf of Plaintiff in this case.  (Doc.

38).   On March 18, 2013, Plaintiff filed a motion for leave to file a Fourth Amended Complaint (Doc. 40).   The Court denied Plaintiff's Motion for Leave to File a Fourth Amended Complaint without prejudice because Plaintiff did not discuss the proper standard for seeking leave to amend after the Court's Rule 16 Order setting deadlines for amendments expired.   (Doc. 42 at 2).

Thereafter, on April 17, 2013, Plaintiff filed a Motion to Amend Scheduling Order and File Amended Complaint.   In her Motion, Plaintiff argues that there is good cause to amend the Court's Rule 16 Scheduling Order to allow Plaintiff to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 16(b)(4).   Plaintiff further argues that she should be given leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15.

## II.     LEGAL STANDARD

Rule 16 states that a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). For purposes of the rule, "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed.1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking

1   amendment of the Rule 16 order, once it became apparent that he could not comply with

2   the order.  *Morgal v. Maricopa County Bd. of Supervisors*, 07-CV-0670-PHX-RCB, 2012

3   WL 2029719 (D. Ariz. June 6, 2012) (quoting *Grant v. United States*, 11–CV–00360

4   LKK, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), adopted, 11-CV-0360-LKK,

5   2012 WL 218959, at *1 (E.D. Cal. Jan. 23, 2012) (other citation omitted)).

6        If a party is able to establish good cause pursuant to Federal Rule of Civil

7   Procedure 16(b)(4), the burden shifts to the party opposing the amendment to show that

8   an amendment should not be allowed pursuant to Federal Rule of Civil Procedure 15

9   because of:  (1) undue delay; (2) bad faith or dilatory motives on the part of the movant;

10  (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to

11  the opposing party; or (5) futility of the proposed amendment.  *Foman v. Davis*, 371 U.S.

12  178, 182 (1962); *see Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988)

13  (stating that leave to amend should be freely given unless the opposing party makes "an

14  affirmative showing of either prejudice or bad faith").

15      **III.   ANALYSIS**

16      Plaintiff seeks leave to amend her Complaint to add a claim pursuant to the Family

17  Medical Leave Act ("FMLA").[1]   Plaintiff argues that the Court should allow this

18  amendment because Plaintiff has shown diligence at all stages of this litigation and, once

19  Plaintiff retained counsel, she immediately moved for leave to amend to add the FMLA

20  claim and clarify the retaliation claim.

21      In response, Defendants argue that Plaintiff cannot meet the good cause standard

22  due to Plaintiff's own failure to investigate all possible causes of action before filing her

23  Complaint.  Defendants assert that Plaintiff's failure, while pro se, to assert all of her

24  possible causes of action cannot meet the good cause standard.

25      In this case, there is no suggestion that Plaintiff was not diligent in creating the

26

27      [1]   Defendants argue that Plaintiff is also attempting to add a new retaliation claim based on Plaintiff's 2001 EEOC and OFCCP charges.  Plaintiff asserts that she is clarifying a claim that she previously asserted.  The Court will examine whether Plaintiff

28  has shown good cause to add a retaliation claim in addition to a claim pursuant to the FMLA.

1   Rule 16 Scheduling Order or that Plaintiff was not diligent in seeking to amend the Rule

2   16 Scheduling Order after she hired counsel.  Rather, the question is whether Plaintiff

3   acted diligently such that she could not have reasonably foreseen or anticipated the filing

4   of an FMLA claim at the time of the Rule 16 scheduling conference before retaining

5   counsel.  This is a close question.

6        Other Courts to consider this question have found that, when a plaintiff diligently

7   pursued the case on all other matters and diligently moved for amendment after obtaining

8   counsel, Plaintiff met Rule 16's good cause standard.  *See Coles v. Eagle*, No. 09-167

9   LEK, BMK, 2013 WL 1856002, at *2-3 (D. Hawai'i April 30, 2013); *Jiminez v.*

10  *Sambrano,* No. 04cv1833 L(PCL), 2009 WL 937042 at *2 (S.D. Cal. Apr. 6, 2009).  In

11  this case, Plaintiff has acted diligently on all other matters and, since appearing in the

12  case, Plaintiff's counsel has acted diligently in seeking to amend the complaint.

13  Accordingly, the Court finds that Plaintiff has shown good cause to amend the Rule 16

14  Scheduling Order.

15       Moreover, there is no evidence of undue delay, bad faith, dilatory motives, or

16  futility of the proposed amendment.  Defendants argue that they will be prejudiced by an

17  Amendment because they have engaged in some discovery.  However, prior to Plaintiff

18  filing her Motion to Amend, very little discovery had actually occurred in this case.

19  Accordingly, the Court finds that there is no undue prejudice to Defendants in granting

20  Plaintiff leave to amend.   Accordingly, Plaintiff's Motion to Amend is granted.

21       Defendants also argue that Plaintiff is attempting to add a jury demand for the first

22  time in her proposed amended complaint (Doc. 49).  Defendant's claim that Plaintiff

23  seeks to add a jury demand for the first time is wholly unsupported by and contradicted

24  by the Record.  Plaintiff has included a jury demand in every complaint that she filed.

25  The jury demand was included in the caption of each of Plaintiff's complaints and, as a

26  separate section at the end of her complaints.  Defendants' assertion that Plaintiff did not

27  previously include a jury demand in her complaints is a blatant misrepresentation to the

28  Court.  Defendants are warned that, if they continue to make material misrepresentations

1  to the Court, the Court will impose appropriate sanctions.

2  **IV.    CONCLUSION**

3  Based on the foregoing,

4  **IT IS ORDERED** that Plaintiff's Motion to Amend the Scheduling Order and File

5  Amended Complaint (Doc. 44) is granted.

6  **IT IS FURTHER ORDERED** that Plaintiff shall file her Fourth Amended

7  Complaint (currently lodged at Doc. 44-1) within 5 days of the date of this Order.

8  **IT IS FURTHER ORDERED** amending the Court's Scheduling Order (Doc. 27)

9  solely as follows:

10  **IT IS ORDERED** that all discovery, including depositions of parties, witnesses,

11  and experts, answers to interrogatories, and supplements to interrogatories must be

12  completed by November 1, 2013.

13  **IT IS ORDERED** that all dispositive motions shall be filed no later than

14  December 9, 2013.

15  Dated this 24th day of June, 2013.

16
17
18  _____
19  James A. Teilborg
    Senior United States District Judge
20
21
22
23
24
25
26
27
28