Robert Weeks
Bar No. 025821
rweeks@weekslawoffice.com
**WEEKS LAW OFFICE, PLLC**
130 North Central Suite 305
Phoenix, AZ 85004
Telephone: (480)-331-5726
Facsimile: (480)-907-2244

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loretta H. Cheeks,<br><br>            Plaintiff;<br><br>vs.<br><br>General Dynamics Corporation,<br>General Dynamics C4 Systems Inc.<br><br>            Defendants. | CASE NO. 2:12-CV-01543-PHX-JAT<br><br>**PLAINTIFF LORETTA CHEEKS'<br>STATEMENT OF FACTS IN SUPPORT<br>OF PARTIAL MOTION FOR<br>SUMMARY JUDGMENT** |

1. Plaintiff Loretta Cheeks is an African American woman that worked as a principal engineer for Defendant General Dynamics C4 Systems. (Declaration of Loretta Cheeks attached as Exhibit A ¶ 1).

2. Ms. Cheeks has a son who suffers from autism who requires a constant caregiver. (Ex. A ¶ 2).

3. On February 3, 2011, Ms. Cheeks tried to file a claim with the OFCCP alleging retaliation and discrimination based on her race, sex, and association with a disabled family member. (Ex. A ¶ 3).

4. The written summary that Ms. Cheeks filed with her OFCCP charge includes allegations based on race and sex as part of the same transaction of facts. (Ex. A ¶ 4; Plaintiff's February 3, 2011 OFCCP Charge attached as Exhibit B).

5. The OFCCP refused to accept the race and sex components of Ms. Cheeks' claims, and instructed her not to check the box on her OFCCP charge to have her claim dual filed with the EEOC, but instead to file a separate charge alleging race and sex discrimination with the EEOC. (Ex. A ¶ 5).

6. Ms. Cheeks followed the OFCCP's instructions and filed a separate charge with the EEOC the same day. (Ex. A ¶ 6).

7. The Defendant terminated Ms. Cheeks in June of 2011. Ms. Cheeks then amended both her EEOC and OFCCP charges to include new claims for retaliation. (Ex. A ¶ 7).

8. The EEOC issued Ms. Cheeks a right-to-sue notice dated April 13, 2012 that directed her to file suit within 90 days of her receipt of the notice. (Ex. A ¶ 8)

9. Ms. Cheeks received the EEOC's notice on April 18, 2012, but she waited to file her complaint until the OFCCP had issued its right-to-sue notice for her disability claims. (Ex. A ¶ 9).

10. On July 17, 2012, ninety days after April 18, 2012, Ms. Cheeks had not received a notice from the OFCCP, so she filed a complaint in district court based only on the race and sex issues. (Ex. A ¶ 10).

11. On August 23, 2012, the OFCCP issued Ms. Cheeks a right-to-sue notice for the disability aspect of her claim, and Ms. Cheeks timely amended her complaint to include the disability allegations. (Ex. A ¶ 11).

12. After Ms. Cheeks' termination, she engaged in a diligent job search that included applying for dozens of positions and going on several interviews, but she was not selected for any job. (Ex. A ¶ 12).

13. The Defendants have not produced any evidence of damages to support their counter-claim for breach of contract.

14. The Defendants never provided a damages calculation for their counterclaim as required by Rule 26(a)(1)(iii).

15. The Defendants have not disclosed any evidence of available positions for which the Plaintiff could have applied after her termination.

**DATED** this 9th Day of December, 2013,

                Weeks Law Office, PLLC

                 /s/ Robert Weeks

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2013, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and service on all registered participants of the CM/ECF System with regard to this matter.

    /s/ Robert Weeks