WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loretta Cheeks, | No. CV-12-01543-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| General Dynamics Corporation, General Dynamics C4 Systems, Inc., | |
| Defendants. | |

Pending before the Court are Defendant General Dynamics C4 Systems' ("GDC4S") Motion for Attorneys' Fees (Doc. 110) and Plaintiff Loretta Cheeks' (Ms. "Cheeks") Motion to Strike Defendant's Motion for Attorney's Fees (Doc. 113). Both Motions are fully briefed including a Response by Ms. Cheeks to the Motion for Attorneys' Fees, a Reply by GDC4S to that Response, and a Response by GDC4S to the Motion to Strike. The Court now rules on these Motions.

**I.    MOTION TO STRIKE (Doc. 113)**

The Court first considers Ms. Cheeks' Motion to Strike because, if granted, it would preclude consideration of GDC4S' Motion for Attorneys' Fees. Previously, the Court entered an order granting summary judgment in favor of GDC4S on its Counterclaim for Breach of Contract. (Doc. 105). In the Order, the Court authorized GDC4S to file a Motion for Attorneys' Fees if the parties were unable to agree on a reasonable amount of attorneys' fees and costs. (*Id.*). Later, GDC4S filed a Motion for

Attorneys' Fees, including an Affidavit of Defendant's counsel and an Itemization of Attorneys' Fees. (Docs. 110-1 and 110-2). In her Response, Ms. Cheeks recognized that GDC4S did not include a complete copy of the written fee agreement in its Motion for Attorneys' Fees. (Doc. 111 at 10). With its Reply, Defendant's counsel included a copy of its retention agreement with its client GDC4S. (Doc. 112-1). The retention agreement included a cover page, an hourly rates section which demonstrated the hourly rate charged by Defendant's counsel, a blended rate section dealing with issues of employment litigation, and a final signature page of the agreement. (Doc. 112-1). Ms. Cheeks moves to strike GDC4S' Motion for Attorneys' Fees. (Doc. 113).

### A.   Legal Standard

Local Rule of Civil Procedure ("Local Rule") 7.2 governs the filings of motions to strike, and provides that "a motion to strike may be filed only if it is authorized by statute or rule . . . or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1).

### B.   Analysis

Ms. Cheeks moves to strike GDC4S' Motion for Attorneys' Fees (Doc. 110) and Reply (Doc. 112) under LRCiv 7.2(m)(1). Ms. Cheeks argues that GDC4S' Motion for Attorneys' Fees was not authorized by a statute, rule, or court order. (Doc. 113 at 1). Particularly, Ms. Cheeks claims that the Court should strike the Motion based on GDC4S' lack of compliance with Local Rule 54.2(d)(2). Local Rule 54.2(d)(2) provides, that "[a] complete copy of any written fee agreement, or a full recitation of any oral fee agreement, must be attached to the supporting memorandum. If no fee agreement exists, then counsel must attach a statement to that effect." LRCiv 54.2(d)(2). Ms. Cheeks objects that GDC4S failed to provide a complete copy of its written fee agreement to its Motion for Attorneys' Fees and produced a redacted version in its Reply.

In response, GDC4S argues that Ms. Cheeks Motion to Strike is inappropriate because it has failed to establish that the Motion for Attorneys' Fees "is prohibited (or not authorized) by a statute, rule, or court order" as required under Local Rule 7.2(m).

1 Furthermore, GDC4S' contends that its alleged lack of compliance does not mean that the
2 Motion for Attorneys' Fees is prohibited or not authorized.

3 In this case, the Court's summary judgment order allowed GDC4S to file a request
4 for fees pursuant to Local Rule 54.2. (Doc. 105 at 37). Thus, the Motion for Attorneys'
5 Fees was not "prohibited (or not authorized) by a statute, rule, or court order."
6 LRCiv 7.2(m). Because the motion for attorneys' fees was directly authorized by a court
7 order, a Local Rule 7.2(m) motion to strike does not apply. Whether the Motion for
8 Attorneys' Fees and the Reply comply with Local Rule 54.2 is a separate issue to be
9 considered at the Court's discretion when determining reasonable attorneys' fees.

10 Accordingly, the Court denies Ms. Cheeks' Motion to Strike (Doc. 113) and, now
11 considers GDC4S' Motion for Attorneys' Fees (Doc. 110).

12 **II.     MOTION FOR ATTORNEYS' FEES (Doc. 110)**

13 GDC4S moves for an award in the amount of $24,720.00 in its Motion for
14 Attorneys' Fees. (Doc. 110 at 10). Ms. Cheeks, in her Response, argues that GDC4S'
15 Motion for Attorneys' Fees should be denied in its entirety, Ms. Cheeks should be
16 declared the successful party, and Ms. Cheeks should be awarded her costs and attorneys'
17 fees. (Doc. 111 at 11). In its Reply, GDC4S suggests that Ms. Cheeks made no
18 meaningful challenge to its requested award, that GDC4S is entitled to reasonable
19 attorneys' fees, and that GDC4S should be awarded the $24,720.00 requested for its
20 attorneys' fees. (Doc. 11 at 11).

21     **A.     Appropriateness of Awarding Attorneys' Fees**
22         **1.     Legal Standard**
23             **a.     Local Rule of Civil Procedure 54.2**

24 Ms. Cheeks contests GDC4S' Motion for Attorneys' Fees (Doc. 110). She claims
25 Local Rule 54.2 does not apply to this case and, alternatively, that GDC4S failed to
26 comply with Local Rule 54.2.

27     Local Rule 54.2 provides the procedural mechanism for moving for
28     attorneys' fees. *See* LRCiv 54.2(b)–(e). This rule sets forth the required
    content of the memorandum in support of the motion (including a

discussion of the reasonableness of the requested award), the necessary supporting documentation (including a task-based itemized statement of fees and expenses), and the format and description requirements of the itemized statement. *Id.*

*Pure Wafer, Inc. v. City of Prescott*, No. CV-13-08236-PCT-JAT, 2014 WL 3797850 (D. Ariz. July 29, 2014).

### b. A.R.S. § 12-341.01(A)

GDC4S moves for attorneys' fee pursuant to A.R.S. § 12-341.01(A) and the confidentiality agreement between GDC4S and Ms. Cheeks. Pursuant to A.R.S. § 12-341.01(A), "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). For purposes of awarding attorneys' fees, "a contested action is one in which the defendant has appeared and generally defends against the claims and demands made by the plaintiff." *Morrison v. Shanwick Int'l Corp.*, 804 P.2d 768, 775 (Ariz. Ct. App. 1990). If the Court does find a party to be the "successful party" for purposes of the statute, the Court then exercises its broad discretion in awarding reasonable attorneys' fees. *See Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (en banc). In exercising its discretion the Court considers, among other factors:

1. the merits of the claim or defense presented by the unsuccessful party;
2. whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result;
3. whether assessing fees against the unsuccessful party would cause an extreme hardship;
4. whether the successful party did not prevail with respect to all of the relief sought;
5. the novelty of the legal question presented; and
6. whether the award in the particular case would discourage other parties with tenable claims or defenses from litigating or defending.

*American Const. Corp. v. Philadelphia Indem. Ins. Co.*, 667 F. Supp. 2d 1100, 1106–07

(D. Ariz. 2009) (citing *Assoc. Indem. Corp.*). No single factor can be determinative and the court is to weigh all of the factors in its exercise of its discretion. *Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987).

**2.     Analysis**

   **a.     Local Rule of Civil Procedure 54.2**

      **i.     Who Awards Attorneys' Fees: The Court or the Jury?**

The Court granted summary judgment in favor of GDC4S with regard to the counterclaim for breach of contract. (Doc. 105). The Order awarding summary judgment on the counterclaim in favor of GDC4S also authorized a motion for attorneys' fees pursuant to Local Rule 54.2. (Doc. 105 at 37). In her Response, Ms. Cheeks contends that deciding damages under Local Rule 54.2 improperly denies her right to a jury trial where a party seeks attorneys' fees as actual damages. Furthermore, Ms. Cheeks contends that deciding damages under Local Rule 54.2 improperly denies her an opportunity to dispute evidence of damages on summary judgment. The Court does not find these contentions persuasive.

By awarding summary judgment to GDC4S on the counterclaim breach of contract, the Court concluded that there was "no genuine dispute as to any material fact and that the movant was entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Therefore, the Court held that no reasonable jury could have found differently with respect to the breach of contract issue, which includes the actual damages element. Despite the fact that no exact value was determined, the Court determined that "GDC4S had undoubtedly suffered damages—in the form of attorneys' fees and costs—proximately caused by Plaintiff's breach of contract." (Doc 105 at 12).

Any dispute as to the amount of attorneys' fees is resolved by the Court pursuant to Local Rule 54.2. Thus, the Court finds that Local Rule 54.2 did not violate Ms. Cheeks' right to a jury trial nor did it deny her the opportunity to dispute the amount of attorneys' fees claimed by GDC4S.

         **ii. Compliance with Local Rule 54.2**

As discussed above, Ms. Cheeks argues that GDC4S' Motion for Attorneys' Fees is insufficient because it does not comply with Local Rule 54.2. Particularly, Local Rule 54.2(d)(2) provides, "[a] complete copy of any written fee agreement, or a full recitation of any oral fee agreement, must be attached to the supporting memorandum. If no fee agreement exists, then counsel must attach a statement to that effect." LRCiv 54.2(d)(2). GDC4S did not attach a copy of any fee agreement to its Motion for Attorneys' Fees, nor did they provide a statement suggesting that such a fee agreement did not exist. Later, GDC4S did attach a copy of such a fee agreement to its Reply. As it did in *Rudebusch v. Arizona*, the Court will "overlook th[is] procedural irregularity this time." *Rudebusch v. Arizona*, No. 95-CV-1313-PCT-RCB, 2007 WL 2774482, at *1 (D. Ariz. 2007). The Court's decision to overlook the irregularity is substantially based upon the fact that GDC4S did file such a statement as part of its Reply. *See Schrum v. Burlington Northern Santa Fe Ry. Co.*, No. CV-04-06190PHX-RCB, 2008 WL 2278137, at *3 (D. Ariz. 2008).

         **iii. Conclusion**

Ms. Cheeks claims that Local Rule 54.2 does not apply to this case because it denies her right to a jury trial and denies her the opportunity to dispute evidence of damages. Based on the foregoing analysis, the Court finds that Local Rule 54.2 is appropriate in this case. Alternatively, Ms. Cheeks also contends that GDC4S did not comply with Local Rule 54.2. Though it would have been preferable for GDC4S to have fully complied with Local Rule 54.2 when it first filed the Motion for Attorneys' Fees, rather than through later supplementation, the Court does not deny this motion on procedural grounds in this case. Thus, whether to award attorneys' fees based on the confidentiality agreement and Arizona's fee shifting statute and, if so, what constitutes a reasonable amount in this case is discussed below.

      **b. A.R.S. § 12-341.01(A)**

The counterclaim for breach of contract arises out of a confidentiality agreement

- 6 -

1 signed by Ms. Cheeks as a condition of employment. That confidentiality agreement
2 between Ms. Cheeks and GDC4S expressly includes attorneys' fees as an actual cost to
3 be reimbursed by Ms. Cheeks in the event of non-compliance. (Doc. 91-1 at 47). The
4 Court reasoned that the attorneys' fees provision in the agreement made it foreseeable
5 that such fees were a consequence of violating the agreement terms. (Doc. 105 at 11–12).
6 In light of the fee provision, the Court determined that the proximately caused damages
7 element, required for a breach of contract, was present in this case. *Id.* The Court did not
8 separately address the issue of whether awarding attorneys' fees under the Arizona's fee
9 shifting statute alone would suffice as damages for a breach of contract claim.

GDC4S moves for attorneys' fees pursuant to both the fee provision in the confidentiality agreement and A.R.S. § 12-341.01(A). Having determined the issue of whether the attorneys' fees were damages for the purposes of breach of contract, the Court now exercises its discretion in determining whether attorneys' fees are an appropriate award. Based on the Court's findings, the confidentiality agreement was previously recognized as an express and lawful contract (Doc. 105 at 12) making A.R.S. § 12-341.01(A) applicable to the instant fee dispute.

In this case, the counterclaim was an action in which the Plaintiff appeared, and which she generally defended against. GDC4S brought the counterclaim for breach of contract which Ms. Cheeks then proceeded to answer and deny, bringing it within the definition of a contested action.

In her Response to GDC4S' Motion for Attorneys' Fees, Ms. Cheeks contends that GDC4S was not the "successful party," that attorneys' fees were not actual damages, and that there were no damages available for the breach of contract. Based on her argument that no damages were available, Ms. Cheeks suggests that GDC4S obtained no relief and cannot be the successful party. (Doc. 111 at 6). The Court previously dealt with Ms. Cheeks' argument that she is the successful party because there are missing elements in the breach of contract counterclaim. *See* (Doc. 105). In the Order authorizing attorneys' fees, the Court granted GDC4S' Motion for Summary Judgment with respect to the

breach of contract counterclaim. (Doc. 105). The Court determined that Ms. Cheeks' breach of contract proximately caused GDC4S to suffer damages in the form of attorneys' fees and costs. (Doc. 105 at 12) Thus, based on the Court's previous findings, GDC4S is the "successful party" on said counterclaim.

The Court now exercises its discretion as to whether it will award attorneys' fees based upon the factors articulated in *American Contr. Corp. v. Philadelphia Indem. Ins. Co.*, 667 F. Supp. 2d 110, 1106–1107:

> **i.    The merits of the claim or defense presented by the unsuccessful party.**

GDC4S prevailed on the substantive merits of the breach of contract counterclaim. The unsuccessful party, Ms. Cheeks, presented defenses that the contract was an overly broad contract of adhesion and, in the alternative, that GDC4S could not establish damages. The Court was not persuaded by either of these defenses. The Court granted summary judgment in favor of GDC4S for the counterclaim, meaning the Court determined that no reasonable jury could have found differently with respect to the breach of contract issue. This factor weighs in favor of a fee award.

> **ii.   Whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result.**

It was necessary for GDC4S to litigate this case to the end to vindicate its legal right and recover damages. Furthermore, GDC4S argues that litigation was only necessary because Ms. Cheeks' refused to return the documents that were central to the breach of contract counterclaim. Ms. Cheeks contends that GDC4S could have used discovery tools to discover the entirety of the documents. (Resp. at 9). The Court finds GDC4S' argument persuasive in this case because the confidentiality agreement covered the return of all documents, not just the discovery, and GDC4S required litigation to enforce that contract. This factor weighs in favor of a fee award.

          **iii. Whether assessing fees against the unsuccessful party would cause an extreme hardship.**

Ms. Cheeks did not provide any evidence of undue hardship. Thus, Ms. Cheeks has not presented sufficient evidence that assessing fees would cause her an undue hardship. This factor weighs in favor of a fee award.

          **iv. Whether the successful party prevailed with respect to all of the relief sought.**

GDC4S sought relief in the form of reasonable attorneys' fees pursuant to the confidentiality agreement. Though GDC4S originally sought return of the documents taken by Ms. Cheeks, these documents were no longer sought once GDC4S discovered the identity of the documents through necessary litigation. Because GDC4S only sought attorneys' fees with respect to the counterclaim for breach of contract, and was granted summary judgment with respect to that issue, GDC4S is the successful party as to all relief sought. The actual value of the reasonable attorneys' fee is separately considered below. This factor weighs in favor of a fee award.

          **v. Whether the legal question presented was novel or had been previously adjudicated.**

Ms. Cheeks argued multiple times that attorneys' fees alone are insufficient proof of damages. "[T]he Court has previously confronted Plaintiff's argument that currently unquantified attorneys' fees, alone, are insufficient proof of damages. (Doc. 105 at 11) (citing *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, No. CV-06-1381-PHX-NVW, 2009 WL 1457036 (D. Ariz. May 21, 2009), *aff'd sub nom. Cafasso, U.S. ex. Rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011)). No novel questions were presented because "a recent case strikingly similar to the instant case and predicated on the same contractual terms" addressed the issue, holding that litigation costs to enforce contract rights were sufficient proof of damages. (Doc. 105 at 11). This factor weighs in favor of a fee award.

          **vi.**      **Whether a fee award in the particular case would discourage other parties with tenable claims or defenses from litigating or defending.**

Ms. Cheeks' actions, the breach of the confidentiality agreement and the unwillingness to return improperly held documents to stave off litigation, should not be encouraged. In this situation, Ms. Cheeks is not the type of "part[y] with tenable claims" whose case this factor aims to encourage. As such, a fee award in this case should not discourage parties with tenable claims from litigating. This factor weighs in favor of a fee award.

Upon weighing all of the factors, the Court awards GDC4S reasonable attorneys' fees for the breach of contract counterclaim against Ms. Cheeks. The Court now examines GDC4S' Motion for Attorneys' Fees for reasonableness with particular attention to the discrete portions challenged by Ms. Cheeks.

    **B.**    **Reasonableness of GDC4S' Claimed Attorneys' Fees**

          **1.**    **Legal Standard**

The general proposition is that the prevailing party is "entitled to recover a reasonable attorney's fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *See Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927 (Ariz. Ct. App. 1983) (quoting *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982)).

          **2.**    **Analysis**

                **a.**    **Local Rule of Civil Procedure 54.2(c)(3)(H)**

Ms. Cheeks contests the reasonableness of GDC4S' requested award and contends that no fees should be granted to GDC4S. Particularly, she cites Local Rule 54.2(c)(3)(H) which includes the "amount of money … and the results obtained" as a factor when considering the reasonableness of an award. LRCiv 4.2(c)(3)(H). She specifically bases her contention on a notion that GDC4S had no success and could therefore not receive

any award. The Court already found that GDC4S was the successful party for the reasons set forth in the Court's determination on the breach of contract counterclaim. (Doc. 105)

Alternatively, Ms. Cheeks claims that the damages in the counterclaim were merely nominal. Though the value of damages had not yet been deduced at the time of granting summary judgment, the harm suffered by GDC4S was not nominal as it was established by the non-nominal attorneys' fees which are now at issue. The Court finds the arguments, that GDC4S' damages were nominal and that no reasonable fee amount should be granted, unpersuasive.

### b.   Hourly Billing Rate

"Under Arizona Law, 'in corporate and commercial litigation between fee-paying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication for what is reasonable under the circumstances of a particular case.'" *Hummingbird Defense Systems, Inc. v. Ye*, No. CV-06-2151-PHX-JAT, 2007 WL 4200751, at *4 (D. Ariz. 2007) (quoting *Schweiger*, 673 P.2d 927, 931–32).

Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree") represented GDC4S and billed at a "blended rate" of $335.00 per hour for the combined efforts of two shareholders and an associate. (Doc. 110-1 at 4, ¶ 28). This "blended rate" was discounted from the billable rate of $425.00 per hour for the shareholder in the retention agreement. (Doc. 112-1 at 8). Ogletree separately charged GDC4S $160.00 per hour for billed services of a paralegal with 12 years of experience. Furthermore, attorney Townsend, a shareholder at Ogletree, avers that her firm "charged GDC4S rates that are reasonable and generally in accordance with rates charged by other lawyers in the community with similar experience and education." (Doc. 110-1 at 4, ¶ 25).

Ms. Cheeks did not raise an objection to the billing rates set forth by GDC4S. Therefore, the Court finds the billable rates recited above reasonable, and any fees awarded herein will be pursuant to the rates described above.

### c. Hours Reasonably Expended

"Once a party submits an itemized list of fees with sufficient detail and establishes entitlement to fees the burden shifts to the party challenging the fees to show that the fees are unreasonable." *Best Western Int'l, Inc. v. Patel*, No. CV-04-2307-PHX-JAT, 2008 WL 544820, at *4 (D. Ariz. 2008) (citing *Nolan v. Starlight Pines Homeowners Assoc.*, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007)). An opposing party has not done enough to meet the burden if it simply states, for example, that the hours claimed are excessive. *See Nolan*, 167 P. 3d 1277. Instead, as the opposing party, Ms. Cheeks must "present specific objections to the reasonableness of the fees requested." *See id.*

Ms. Cheeks objects to various time entries as unrelated to the counterclaim. In Ms. Cheeks' Response, she disputes that certain charges were unrelated to the counterclaim by identifying a date range and claiming that the charges within that range "do not indicate that they are related to the counterclaim." (Doc. 111 at 10). One of the aforementioned date ranges was from 5/10/13 through 11/4/13, a period which included thirty separate charges. (*Id.*). The Court finds these objections overly broad relative to the required specificity; therefore, the Court will not consider these objections.

Ms. Cheeks provides two relatively specific objections to charges made by Ogletree. Ms. Cheeks points to two specific charges on 5/22/13 and 5/23/13 and claims that having multiple attorneys prepare for, and attend, Ms. Cheeks' deposition was not reasonable. (Doc. 111 at 11). In its Reply, GDC4S argued that having two attorneys prepare for and attend deposition is reasonable in a case with eight claims and a counterclaim. The Court finds it reasonable for two attorneys to prepare for, and attend, a party's deposition in the instant case.

Along with review of Ms. Cheeks' objections, the Court has reviewed the time incurred to provide GDC4S' legal services. The Court finds the time incurred to litigate the breach of contract counterclaim (attorneys: 73.6 hours; paralegal: 0.4 hours) over the span of eighteen months reasonable given the circumstances of this case. Therefore, the Court finds that GDC4S meets the reasonableness requirement for the attorneys' fees

claimed.

In sum, the Court finds the billing rate and hours expended are reasonable in this case. Therefore, the Court awards GDC4S the full $24,720.00 requested from Ms. Cheeks.

### III.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Strike GDC4S' Motion for Attorneys' Fees (Doc. 113) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Attorneys' Fees (Doc. 110) is GRANTED.

**IT IS FURTHER ORDERED** awarding Defendant, GDC4S $24,720.00 in attorneys' fees from Plaintiff, Ms. Cheeks.

Dated this 28th day of October, 2014.

James A. Teilborg
Senior United States District Judge