WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loretta H. Cheeks,<br><br>            Plaintiff,<br><br>v.<br><br>General Dynamics, et al.,<br><br>            Defendants. | No. CV-12-01543-PHX-JAT<br><br>**ORDER** |

Before the Court is Plaintiff's Rule 59 Motion for New Trial. (Doc. 179). The Court now rules on the motion.

**I.     Background**

A six-day trial for Plaintiff's FMLA claim began on November 18, 2014, and concluded on November 25, 2014. The trial revolved around the leave Plaintiff took pursuant to the Family and Medical Leave Act ("FMLA") and her subsequent termination of employment by Defendant. Plaintiff presented evidence that during weeks when she took eight hours of approved, FMLA-eligible leave, she was nonetheless required to complete a forty-hour workload. She further presented evidence that she was taken off of a project, called the MUOS program, which directly led to her termination as a part of a reduction in force. Defendant, on the other hand, offered evidence that the assignments Plaintiff was given would take no more than thirty hours a week to complete and that she

1 was not taken off the MUOS program because she was unable to complete forty hours of
2 work.
3    Before trial, Plaintiff requested, and the Court rejected, the following jury
4 instructions:

> **11. Plaintiff's Proposed Instruction—Performance Expectations**
>
> I instruct you that, when evaluating the performance of an employee with intermittent or reduced schedule FMLA leave, the employer is required to adjust the employee's performance expectations to account for the employee's reduced working time.
>
> An employee with intermittent or reduced schedule FMLA leave is not required to complete the duties of a full-time position. An employer cannot penalize an employee that has intermittent or reduced schedule leave because that employee cannot satisfactorily complete the workload of a full-time position during their period of leave.
>
> **15. Plaintiff's Proposed Instruction—Exempt Employees:**
>
> I instruct you that employees known as "exempt" employees are usually paid a salary and are required to work as many hours as is necessary to complete their job responsibilities. However, exempt employees with approved intermittent or reduced schedule FMLA leave may have their pay reduced and may not receive their normal full-time salary.
>
> Therefore, if an exempt employee with approved FMLA leave is not paid her normal fulltime salary, then the employee is not required to work the same hours, or complete the same workload, as a full-time employee without such leave.

At trial, the jury returned a verdict in favor of Defendant. Plaintiff now moves for a new trial, arguing that the Court prejudicially erred by failing to give the above jury instructions.

## II. Discussion

Rule 59 states, "The court may, on motion, grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(a). Recognizing that the rule "does not specify the grounds on which a motion for a new trial may be granted," *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir.2003), the Ninth Circuit has laid out general guidance on how it is to be applied:

> [T]he court is "bound by those grounds that have been historically recognized." *Id.* Historically recognized grounds include, but are not limited to, claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940). We have held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000).

*Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). "It is equally clear that erroneous jury instructions, as well as the failure to give adequate instructions, are also bases for a new trial." *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990).

Importantly, a new trial is "confided almost entirely to the exercise of discretion on the part of the trial court." *Murphy*, 914 F.2d at 186 (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980)). It is well established that "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2803 (1995) (internal citations omitted). When a judge grants a new trial, he "to some extent at least, substitute[s] his judgment of the facts and the

1 credibility of the witnesses for that of the jury. . . . [T]he judge takes over, if he does not
2 usurp, the prime function of the jury as the trier of facts." *Lind v. Schenley Industries*,
3 Inc., 279 F.2d 79, 90 (2d Cir. 1960); *see also* 11 Wright, Miller & Kane, Federal Practice
4 and Procedure: Civil 2d § 2806 (1995) ("[A] decent respect for the collective wisdom of
5 the jury, and for the function entrusted to it in our system, certainly suggests that in most
6 cases the judge should accept the findings of the jury, regardless of his own doubts in the
7 matter.") (citation omitted). As such, Plaintiff's burden of establishing ground for a new
8 trial is very high.

9 Plaintiff argues the rejected jury instructions were necessary because, as a matter
10 of law, "[t]he FMLA requires the employer to adjust the employee's work load and
11 performance expectations to account for her FMLA time off." (Doc. 179 at 2). Plaintiff
12 directs the Court to no provision of the FMLA or its implementing regulations that
13 support this theory. Instead, Plaintiff relies exclusively on the Seventh Circuit's decision
14 in *Lewis v. School District #70*, 523 F.3d 730 (7th Cir. 2008).

15 *Lewis* involved a school district bookkeeper, Ms. Lewis, who needed time off to
16 care for her ailing mother. At first, Ms. Lewis was given flexibility in her schedule, and
17 she took much of her bookkeeping work home with her. This "flex-time" schedule,
18 however, began to cause problems for the school district. Other employees were forced to
19 alter their schedules to cover for Ms. Lewis, and Ms. Lewis was not available to answer
20 questions from employees and vendors. During this timeframe, Ms. Lewis also failed to
21 produce multiple reports, failed to pay some of the school district's bills, and failed to
22 timely pay the school district's taxes. Ms. Lewis also exhausted her paid sick and
23 vacation leave during this time frame. The school board, which had discussed terminating
24 Ms. Lewis but feared a lawsuit, suggested that Ms. Lewis use intermittent FMLA leave to
25 care for her mother, which Ms. Lewis did. The school district, however, still required Ms.
26 Lewis to perform all the functions of a full-time bookkeeper during the time that she took
27 intermittent FMLA leave. To meet these demands, Ms. Lewis again did much of her
28 work at home, despite only being paid for the work she conducted in the office. Ms.

1  Lewis's absence from work continued to cause problems for the school district, but the
2  school district never sought part-time help or other arrangements to assuage the impact of
3  Ms. Lewis's leave. The school district eventually terminated Ms. Lewis because "it was
4  determined that [she] miss[ed] too much work to meet the essential functions of [her]
5  present assignment."

6  The district court in *Lewis* granted the school district's motion for summary
7  judgment, concluding that Ms. Lewis had presented no evidence of FMLA interference.
8  The Seventh Circuit reversed, holding that a reasonable jury could find for Ms. Lewis,
9  given that the school district had expressed a desire to terminate Ms. Lewis and
10 subsequently heaped "unrealistic expectations" on her. In short, the court found that a
11 jury could infer "retaliatory intent" from the school district's actions.

12 Plaintiff urges the court to interpret *Lewis* to mean that under the FMLA,
13 employees such as Ms. Lewis are "entitled to an adjustment of [their] performance
14 expectations." (Doc. 179 at 3). The Court disagrees. While *Lewis* held that "a reasonable
15 jury could find that the FMLA leave granted to Ms. Lewis was illusory," it did not hold
16 that the school district's practices were *per se* FMLA violations. Lewis, 523 F.3d at 743.
17 The court explicitly left those questions of fact to the jury to decide. *Id.* Accordingly,
18 Lewis does not support Plaintiff's position that as a matter of law, failure to reduce work
19 expectations when FMLA leave is taken violates the FMLA.

20 The Court additionally notes that the only other courts to directly address whether
21 requiring an employee to make up FMLA leave time constitutes FMLA interference have
22 held, with little difficulty, that it does not. *Di Giovanna v. Beth Israel Med.. Ctr.*, 651 F.
23 Supp. 2d 193, 201 (S.D.N.Y. 2009); *Weichman v. Chubb & Son*, 552 F. Supp. 2d 271,
24 289 n.8 (D. Conn. 2008).

25 Essentially, Plaintiff asks the court to instruct the jury that if she proves a certain
26 set of facts—that she was removed from the MUOS program and subsequently
27 terminated because she failed to complete forty hours of work during weeks in which she
28 took FMLA leave—the verdict should be for Plaintiff on liability. Such an instruction

- 5 -

1  would inappropriately infringe on the jury's role as fact finder by telling them the
2  conclusion they must draw from a set of facts. Furthermore, the jury instructions the
3  Court gave regarding the basic elements of FMLA interference, to which Plaintiff does
4  not object, do not preclude the jury from viewing the evidence as Plaintiff urges. The
5  Court sees no prejudice to Plaintiff that could result from instructing the jury as to the
6  elements of the claim and declining to instruct it as to the ultimate conclusion it should
7  reach if it accepts Plaintiff's version of the facts. For these reasons, the Court concludes
8  that Plaintiff was not entitled to her proposed jury instructions, and a new trial is not
9  warranted.

10  Accordingly,

11  **IT IS ORDERED** that Plaintiff's Rule 59 Motion for New Trial, (Doc. 179), is
12  **DENIED**.

13  Dated this 23rd day of March, 2015.

James A. Teilborg
Senior United States District Judge